**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SEGUNDO JUAN BRAVO-MARCATOMA,**<br><br>***Petitioner*,**<br>**v.**<br><br>**MARKWAYNE MULLIN,**<br>*in his official capacity as Secretary of the U.S. Department of Homeland Security*;<br>**DAVID J. VENTURELLA,**<br>*Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*;<br>**MIGUEL VERGARA,**<br>*Acting Director of San Antonio Field Office, U.S. Immigration and Customs Enforcement*;<br>**and WARDEN,** *ERO El Paso Camp East Montana*,<br><br>***Respondents*.** | § | **EP-26-CV-00634-DCG** |

**ORDER DISMISSING CASE AS MOOT**

Respondents report that Petitioner Segundo Juan Bravo-Marcatoma voluntarily departed the United States on April 2, 2026.[1] For that reason, the Court observed that this case is likely moot[2] and ordered Petitioner to show cause by September 16, 2026 why the case should not be dismissed.[3] Petitioner did not file a response by the deadline.

---

[1] Advisory, ECF No. 9; Suppl. Advisory, ECF No. 12; Urquidi Decl., ECF No. 12-1.

[2] *See, e.g.*, *Sanchez-Vasquez v. ICE*, No. 2:26cv84, 2026 WL 1251196, at *1 (E.D. Va. Apr. 14, 2026) ("Because Petitioner's voluntary departure extinguishes any live controversy regarding the legality of his detention, the claim in the Petition is now moot."); *see also E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting, with exceptions that don't appear to apply here, that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

[3] Order Pet'r Show Cause, ECF No. 14.

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[4]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 17th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[4] *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").